IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEAN ALMONOR,                          :         Civil No. 3:23-cv-995
                                       :
                  Petitioner           :         (Judge Mariani)
                                       :
        v.                             :
                                       :
WARDEN J. SAGE,                        :
                                       :
                  Respondent           :

## MEMORANDUM

On or about June 16, 2023, Petitioner Jean Almonor ("Almonor"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that the Federal Bureau of Prisons ("BOP") miscalculated his sentence.  (Doc. 1).  For the reasons set forth below, the Court will dismiss the habeas petition.

## I.   Background

On May 15, 2020, Almonor was arrested in Luzerne County, Pennsylvania for possession of a controlled substance with intent to deliver, possession of a controlled substance, possession of drug paraphernalia, driving with a suspended license, driving with an obstructed window, operating a vehicle with unsafe equipment, and improper signaling, in case number MJ-11101-CR-275-2020.  (Doc. 10-1, Declaration of Ronald Gandy, BOP Correctional Programs Specialist, ("Gandy Decl."), ¶ 3).  He remained in state custody. (*Id.*).  Almonor was also being held on a violation of parole related to case numbers CR-269-2014 and CR-2269- 2017.  (*Id.*).

On June 2, 2020, Almonor was transferred to the temporary custody of the United States Marshals Service ("USMS") via a writ of habeas corpus.  (*Id.* ¶ 4).  On June 9, 2020, while in temporary custody of the USMS, the Commonwealth withdrew case number CR-275-2020.  (*Id.* ¶ 5).  On September 22, 2021, the Pennsylvania Board of Probation and Parole withdrew the parole warrant and detainer.  (*Id.*).

On November 10, 2021, the United States District Court for the Middle District of Pennsylvania sentenced Almonor to a 46-month term of imprisonment for conspiracy to distribute and possess with intent to distribute in excess of 100 grams of heroin, in case number 3:20-CR-108-04.  (*Id.* ¶ 6).  The Court was silent as to any other charges.  (*Id.*).

In December of 2021, when Almonor should have been in primary federal custody, he was erroneously returned to state custody, with a detainer, pending disposition of state charges.  (*Id.* ¶ 7).  The Commonwealth issued a new warrant for a violation of parole, and Almonor's parole was subsequently revoked.  (*Id.* ¶ 8).  Almonor satisfied his state sentence and was released to the USMS on February 1, 2023.  (*Id.*).

Originally, Almonor's federal sentence was computed to commence on February 1, 2023, the date he was released to the USMS.  (*Id.* ¶ 9).  The BOP applied prior custody credit from June 3, 2020 through November 9, 2021, and from January 26, 2023 through January 31, 2023, as these dates were not applied to the state sentence.  (*Id.*).  Almonor's projected release date was November 23, 2024.  (*Id.*).

2

On July 21, 2023, Ronald Gandy, BOP Correctional Programs Specialist at the Designation and Computation Center, reviewed and updated Almonor's sentence computation. (*Id.* ¶ 12; Doc. 10-1, pp. 44-45, Sentence Monitoring Computation Data). During the review, he determined that once the Pennsylvania violation of parole was withdrawn, Almonor was in primary federal custody. (*Id.*). The federal sentence was thus computed and audited, commencing on November 10, 2021, the date the sentence was imposed. (*Id.*). The BOP corrected his sentence and applied prior custody credit from June 3, 2020 through November 9, 2021, as these dates were not applied to Almonor's state sentence. (*Id.*; Doc. 10-1, pp. 44-45, Sentence Monitoring Computation Data). The state applied prior custody credit from May 15, 2020 through June 2, 2020, toward the parole revocation sentence, as these were the dates that Almonor was in primary state custody. (Gandy Decl. ¶ 12; Doc. 10-1, p. 31, Order to Recommit, Pennsylvania Parole Board). As a result, Almonor's projected release date was modified from November 23, 2024 to September 9, 2023. (Gandy Decl. ¶ 13; Doc. 10-1, pp. 44-45, Sentence Monitoring Computation Data).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Almonor filed a total of four administrative remedies at the institution level. (Doc. 10-1, pp. 39-40). None of those administrative remedies pertain Almonor's sentence computation claim. (*See id.*).

In his § 2241 petition, Almonor alleges that the BOP miscalculated his sentence. (Doc. 1). In response, Respondent argues that Almonor's § 2241 petition must be dismissed on the following grounds: (1) the habeas petition is moot because the BOP has recalculated Almonor's sentence and updated his release date; and (2) Almonor failed to exhaust his administrative remedies. (Doc. 10).

## II.   Discussion

### A.   The Habeas Petition is Moot

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey*, 556 F.3d at 146-50

As set forth above, Almonor's federal sentence was originally computed to commence on February 1, 2023, the date he was released to the USMS. (Gandy Decl. ¶ 9). However, on July 21, 2023, Ronald Gandy reviewed and updated Almonor's sentence computation. (*Id.* ¶ 12; Doc. 10-1, pp. 44-45, Sentence Monitoring Computation Data).

4

Because it was determined that Almonor was in primary federal custody once the

Pennsylvania Violation of Parole was withdrawn, the federal sentence commencement date

was changed to November 10, 2021, the date the sentence was imposed. (*Id.*). The BOP

applied prior custody credit from June 3, 2020 through November 9, 2021, because these

dates were not applied to Almonor's state sentence. (*Id.*; Doc. 10-1, pp. 44-45, Sentence

Monitoring Computation Data). Based on the BOP's revised calculations, Almonor's

projected release date was changed from November 23, 2024 to September 9, 2023.

(Gandy Decl. ¶ 13; Doc. 10-1, pp. 44-45, Sentence Monitoring Computation Data).

The BOP corrected Almonor's sentence computation. As Almonor has received the

requested relief, he no longer has a concrete, redressable injury. This Court therefore lacks

an opportunity to provide Almonor with any meaningful relief in this habeas matter, and his

challenge is moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir.

1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's

personal stake in the outcome of a suit or prevent a court from being able to grant the

requested relief, the case must be dismissed as moot.").

### B.   Exhaustion of Administrative Review

Even if Almonor's petition was not moot, the petition would be subject to dismissal

based on Almonor's failure to exhaust his administrative remedies.

Despite the absence of a statutory exhaustion requirement, courts have consistently

required a petitioner to exhaust administrative remedies prior to bringing a habeas claim

5

under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). In the typical case, the failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. *Moscato*, 98 F.3d at 761-62. Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Notably, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier administrative remedy system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19). The system first requires an inmate to present their complaint to staff

6

before filing a request for administrative relief, which staff shall attempt to informally resolve. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence. 28 C.F.R. § 542.14. The Warden shall provide a response within twenty calendar days. 28 C.F.R. § 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. 28 C.F.R. § 542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. 28 C.F.R. § 542.15(a). No administrative remedy appeal is considered fully exhausted until decided on the merits by the BOP's Central Office. 28 C.F.R. §§ 542.10-542.19.

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional and Central Offices. BOP employees log and update inmates' public information into SENTRY as a matter of course as the information is received. Although all requests for administrative relief, whether accepted or rejected, are entered into the BOP's computerized database, actual copies of rejected administrative remedies are not maintained. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be

entered to identify the reason or reasons for rejecting a request for administrative relief.

Almonor's Administrative Remedy Generalized Retrieval report demonstrates that he failed to properly exhaust the claims in the instant habeas petition. (Doc. 10-1, pp. 39-40). The record reflects that Almonor filed four administrative remedies at the institution level. (*Id.*). The record further reflects that none of the four administrative remedies relate to Almonor's sentence computation. (*Id.*).

With respect to unexhausted habeas claims like the one presented here, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals…'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)). Quite the contrary, rigorously applying these exhaustion requirements, courts have consistently rejected habeas petitions where the inmate-petitioners have failed to fully exhaust their administrative remedies. *See, e.g.*, *Johnson v. Williamson*, 350 F. App'x 786 (3d Cir. 2009); *Pinet v. Holt*, 316 F. App'x 169 (3d Cir. 2009); *Moscato*, 98 F.3d 757.

Rather than fully complete the steps of the administrative remedy process, Almonor bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court. Almonor failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d

Cir. 2004).  Almonor fails to identify BOP actions that would clearly and unambiguously

violate statutory or constitutional rights, and he has not set forth any facts or advanced an

argument that would permit this Court to find that exhaustion of his administrative remedies

would subject him to irreparable injury.  Consequently, the petition must be dismissed for

failure to exhaust administrative remedies.  To hold otherwise would frustrate the purposes

of the exhaustion doctrine by allowing Almonor to invoke the judicial process despite failing

to complete administrative review.

III.    **Conclusion**

The Court will dismiss the petition for writ of habeas corpus filed pursuant to 28

U.S.C. § 2241.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: Augus: 7 , 2023